UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.  CV 13-4101-SJO (PLA)                                                     Date June 24, 2013

Title: Milton Jones v. G.D. Lewis

---

PRESENT:  THE HONORABLE     PAUL L. ABRAMS

☐ U.S. DISTRICT JUDGE
☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PETITIONER:**
NONE

**ATTORNEYS PRESENT FOR RESPONDENT:**
NONE

**PROCEEDINGS:**      **(IN CHAMBERS)**

On June 7, 2013, petitioner filed a Petition for Writ of Habeas Corpus By a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition").  In the Petition, petitioner raises four grounds for relief, all of which he indicates have been exhausted on direct appeal and in a habeas petition filed in the California Supreme Court. (See Petition at 5-6).  At the same time, however, he states in the Petition that he only presented the claims in **Grounds One and Two** to the state courts on direct appeal, and that he raised the claims in Grounds Three and Four only in a habeas petition filed in the Los Angeles County **Superior** Court. (Compare Petition at 2-4 with 5-6; see also California Court of Appeal decision attached to Petition).  Petitioner does not provide any information in the Petition reflecting that he actually filed a habeas petition in the California Supreme Court, including the date he filed such petition, the claims raised therein, and the date it was denied. (See Petition at 4-5).  It therefore appears that **Grounds Three and Four are unexhausted**.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available.  See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  The inclusion of unexhausted claims in a habeas petition renders it "mixed" and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Here, it appears from the Petition that Grounds Three and Four are unexhausted.  If this is accurate, the Petition is subject to dismissal as a "mixed" petition -- that is, a petition containing both exhausted and unexhausted claims.  Accordingly, petitioner has five options:

On the one hand, if petitioner **has** in fact already exhausted the claims presented herein as Grounds Three and Four:

**Option 1**: Petitioner must file a declaration, signed under penalty of perjury, stating that Grounds Three and Four have already been exhausted, and he must attach a copy of the California Supreme Court's denial of his state habeas petition that presented those claims to that court.

On the other hand, if petitioner **has not** already exhausted the claims presented herein as Grounds Three and Four, he has the following four options in this action:

**Option 2:** Petitioner may request a voluntary dismissal of his entire action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), so that he may return to the state courts to exhaust any unexhausted claims. However, petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." **In order to proceed under Option 1, petitioner may use the attached Notice of Dismissal form and select the option dismissing this action in its entirety. He must also sign the form.**

**Option 3:** Petitioner may request a voluntary dismissal of his unexhausted claims and elect to proceed only on his exhausted claims. However, petitioner is advised that if he elects to proceed with his exhausted claims, any future habeas petition containing his unexhausted claims, or other claims which could have been raised in the instant Petition, may be rejected as successive. **In order to proceed under Option 2, petitioner may use the attached Notice of Dismissal form to select the option dismissing only certain claims, must specify which grounds for relief in the Petition he seeks to dismiss, and must sign the form.**

**Option 4:** Pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Court is empowered to stay the claims in a "mixed" petition while petitioner returns to the state courts to exhaust his already pled, but unexhausted, claims. See Rhines, 544 U.S. at 277-78. To obtain a stay pursuant to Rhines, petitioner must show that: (1) he has good cause for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that he intentionally engaged in dilatory litigation tactics. Id. at 278. **In order to proceed under Option 3, petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to Rhines, and must also: (1) inform the Court whether he is currently exhausting Grounds Three and Four through a pending state habeas petition and, if so, provide the Court with a complete copy of that petition, and (2) show good cause for not having already exhausted his unexhausted claims, that the claims are not plainly meritless, and that he has not intentionally engaged in dilatory litigation tactics.**

**Option 5:** Pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by* Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss his unexhausted claims, after which the Court would be empowered to stay his remaining fully exhausted claims while he returned to the state courts to exhaust his dismissed claims. See Kelly, 315 F.3d at 1070-71. Petitioner is warned, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely ... [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). **In order to proceed under Option 4, petitioner must: (1) file a declaration, signed under penalty of perjury, selecting a stay pursuant to Kelly, and (2) use the attached Notice of Dismissal form to select the option dismissing only certain claims, must specify which grounds for relief in the Petition he seeks to dismiss, and must sign the form.**

Accordingly, **no later than July 15, 2013**, petitioner is **ordered** to show cause why the Petition should not be dismissed as a "mixed" petition.  Filing by petitioner, on or before **July 15, 2013**, of a notice of dismissal **or** declaration, using **one** of the five options detailed above, shall be deemed compliance with this Order to Show Cause.

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in a recommendation that this action be dismissed as a "mixed" petition, and for failure to prosecute and follow Court orders**.


cc:     Milton Jones, Pro Se


Initials of Deputy Clerk____ch____